UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK FOSTER | CIVIL ACTION NO. 13-65 |
| VERSUS | SECTION "C" |
| GLOBALSANTAFE OFFSHORE SERVICE & TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. | HON. HELEN BERRIGAN |

### Order and Reasons

Before the Court is a Motion for Summary Judgment by defendant, GlobalSantaFe Offshore Services, Inc. ("GSFOSI"). Rec. Doc. 30. Plaintiff, Mark Foster ("Foster"), opposes the motion. Rec. Doc. 37. Having considered the record, applicable law, and memoranda of counsel, the Court GRANTS IN PART and DENIES IN PART GSFOSI's motion for the following reasons.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

This action is for damages sustained by Foster when he was working aboard the Discoverer Luanda, a rig located off the coast of Angola on November 1, 2012. Rec. Doc. 1 at 2-3; Rec. Doc. 9-2 at 1. Foster filed suit against GSFOSI and Transocean Offshore Deepwater Drilling Inc. ("TODDI") on January 11, 2013, invoking jurisdiction under the Jones Act, General

1

Maritime Law and Diversity. Rec. Doc. 1 at 2. Foster alleged in his complaint that he was employed by GSFOSI and/or TODDI when he was injured. *Id*. On May 9, 2013, GSFOSI and TODDI moved to dismiss the case. Rec. Doc. 9. In the motion, GSFOSI argued that it was an improper party because it could not be considered Foster's employer under the Jones Act. Rec. Doc. 9-3 at 203. Instead, GSOFSI claimed it was a mere paymaster that did not control the operations of the rig on which Foster was injured. *Id*. In its Order and Reasons, the Court denied the motion, finding that for the purposes of summary judgment, there were material issues in dispute as to whether GSFOSI was Foster's employer. Rec. Doc. 16 at 12. The Court also refused to dismiss Foster's claim that TODDI and GSFOSI operated as a single business enterprise, finding that there was insufficient information to make the determination about the entities' relationship and postponing its decision until further discovery had been conducted. *Id*. at 12-13.

GSFOSI now renews its motion for summary judgment. In support, it has included many of the same exhibits that were attached to the previous motion. In addition, GSFOSI now provides the Court with a new affidavit by Jill S. Greene, the secretary of TODDI, attesting to TODDI's corporate structure, relationship to GSFOSI, and business activities. Rec. Doc. 30-15. GSOFSI has also newly provided a declaration by C. Stephen McFadin, president of GSFOSI, containing similar information about GSFOSI. Rec. Doc. 30-15; 30-16. In addition, GSOFSI provides two decisions issued by other sections of this court following this Court's previous Order and Reasons that found GSOFSI was not an employer when it issued paychecks to workers employed on offshore rigs. Rec. Doc. 30-12; 30-13.

## II.     STANDARD OF REVIEW

Summary judgment is proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996).

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the initial burden is met, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324. "[U]nsubstantiated assertions" and "conclusory allegations" will not defeat a properly supported motion for summary judgment. *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-73 (1990). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 249-50 (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

When reviewing a motion for summary judgment, a court must view the evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment does not allow a court to resolve credibility issues or weigh evidence. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### III. LAW AND ANALYSIS

#### a. *Employment relationship*

An employer-employee relationship is an essential element for recovery under the Jones Act. *Spinks v. Chevron oil Co.*, 507 F.2d 216, 224 (5th Cir. 1975). The employer need not be the owner or the operator of the vessel. *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980). Independent contractors may be liable under the Jones Act, and "a third person who borrows a worker may become his employer if the borrowing employer assumes enough control over the worker." *Id*. It is possible for a seaman to have more than one Jones Act employer. *Spinks*, 507 F.2d at 225-27. The seaman bears the burden of establishing that an employment relationship existed. *Osland v. Star Fish & Oyster Co.*, 118 F.2d 772, 773 (5th Cir. 1941).

As in its previous motion, GSOFSI urges that it is merely a paymaster that issues paychecks to ex-patriate workers on foreign rigs, but does not generate funds to do so. Instead, these funds are ultimately reimbursed to GSFOSI by the rig's operating entity. Rec. Doc. 30-2 at 3-4. GSOFSI points to two recent decisions from the Eastern District of Louisiana that found that GSOFSI was not an employer under the Jones Act and argues that the Court should rule similarly.

In *Johnson v. PPI Technology Services, L.P.*, the court considered a suit for damages under the Jones Act, as well as for unseaworthiness, negligence, and maintenance and cure under general maritime law. 13 F.Supp.3d 614, 617 (E.D. La. 2014). The plaintiff in that case, James Johnson ("Johnson") sued several parties, including GSFOSI. *Id*. In that case, GSFOSI sought summary judgment, claiming it was not Johnson's employer. GSOFSI argued that Johnson had

judicially admitted it was not the owner of the vessel in question, and it was undisputed that it neither owned nor operated the vessel. It also asserted that it was only responsible for paying Johnson and did not control any of the workers aboard the vessel. Instead, it argued, an entity called Transocean Support Services Nigeria Limited controlled the workers. *Id*. Based on these averments, the court found that there was "absolutely no indication that [GSOFSI] was Johnson's payroll employer or that Johnson was a borrowed servant of [GSOFSI]" and dismissed Johnson's claims against GSF. *Id*. at 619. GSFOSI claims that the evidence it presented in *Johnson* was identical to what is currently before the Court. Rec. Doc. 30-2 at 3. The Court notes that the plaintiff in that case did not oppose the motion as it related to his Jones Act and unseaworthiness claims. *Id*.

In *Ogden v. GlobalSantaFe Offshore Services*, the court likewise found that GSOFSI was not the plaintiff's employer. The court stated that "[t]here is little evidence in the record that [GSOFSI] did anything more than distribute paychecks to Ogden for TODDI." Rec. Doc. 30-12 at 22. The court remarked that ordinarily "there are strong policy considerations that influence this Court to rely on the Fifth Circuit's statement in *Guidry* and hold that Ogden 'is entitled to look no further than the signature on his check.'" *Id*. at 22-23 (quoting *Guidry v. S. La. Contractors, Inc.*, 614 F.2d 447, 454 (5th Cir. 1980). However, the court nevertheless found that GSOFSI was not Ogden's employer because there was significant evidence showing that TODDI was Ogden's true employer and maintained authority over him while he worked overseas. Rec. Doc. 30-12 at 23.

The Court takes note of these rulings but finds that they differ in key respects from the instant case. In *Johnson*, the plaintiff did not oppose GSOFSI's argument that it was not his employer under the Jones Act. Rec. Doc. 30-13 at 3. As discussed above, the court in *Ogden*

veered from *Guidry*'s guidance that a seaman need "look no further than the signature on his check" because it found ample evidence of control by a separate entity named in the suit, and thus identified the other entity as the employer. Here, there has been no such showing.

Thus, the Court continues to follow the Fifth Circuit's guidance under *Spinks* that a Jones Act employer may be the company that issues paychecks to an employee, withholds taxes, and profits from an employee's labor. *Spinks v. Chevron Oil Co.*, 507 F.2d 216, 224-25 (5th Cir. 1975), *decision clarified*, 546 F.2d 675 (5th Cir. 1977), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997). In *Spinks*, the Fifth Circuit held that Labor Services was Spinks' employer because he was hired and paid by Labor Services, Labor Services withheld taxes and social security payments for his salary, and forwarded them to the government as required by an employer by law. *Id*. at 224. The record here similarly indicates that GSOFSI issued Foster's paychecks and withheld his taxes. Rec. Doc. 11-1. Similarly, in *Smalls v. Global Industries, Ltd.*, the court found the plaintiff's payroll employer to be his employer under the Jones Act, though the payroll employer neither controlled the conditions under which the plaintiff worked nor owned and operated the vessel on which he was injured. *Smalls v. Global Industries*, Civ. A. 98-0707, 1999 WL 225444, *3 (E.D. La. Apr. 15, 1999). Based on the holdings of these cases, the Court finds that that dismissal of Foster's Jones Act claim against GSFOSI is not warranted.

b. *Single Business Enterprise Theory*

GSFOSI also moves for summary judgment dismissing Foster's argument that both TODDI and GSOFSI operate as a common enterprise, and thus may both be properly named as defendants in the suit if Foster shows employment status with just one entity. *Baker v. Raymond*

6

*Int'l, Inc.*, 656 F.2d 173, 179-81 (5th Cir. 1981). The Court previously declined to address this argument in its August 6, 2013 Order and Reasons, finding that summary judgment was premature. Rec. Doc. 16 at 14-15. In the instant motion, GSOFSI presents a new affidavit by Jill S. Greene, the Secretary of TODDI, and a declaration by C. Stephen McFadin, president of GSOFSI. Rec. Docs. 30-15, 30-16. In these documents, both officers declare that while their corporations are subsidiaries of companies that eventually lead up to the same overall parent corporation, Transocean Ltd., they nonetheless operate independently of one another. *Id*. Under the Fifth Circuit's case law, for two business entities to be found to be operating as a single business entity, courts must consider nine factors:

1) Common stock ownership
2) Common directors or officers
3) Whether the primary entity finances the subordinate entity
4) Whether the primary entity caused the incorporation of the subordinate entity
5) Whether the primary entity operates with grossly inadequate capital
6) Whether the primary entity pays the salaries and other expenses or losses of subordinate entity
7) Whether the subordinate entity receives any business except that given to it by the primary entity
8) Whether the primary entity uses the subordinate entity's property as its own
9) Whether the directors and officers of the subordinate entity act independently in the interest of that company, or whether they take their orders from the primary entity and act in the primary entity's interest.

*Baker*, 656 F.2d at 180. In addition, courts must find whether "exceptional circumstances exist such that one entity exercises "total domination . . . to the extent that the subservient corporation manifests no separate corporate interests of its own." *Id*. at 181. In their affidavit and declaration, both Greene and McFadin avow that their respective corporations do not satisfy these criteria. Rec. Docs. 30-15; 30-16. However, the Court notes that contrary to Greene's assertion that TODDI does not pay GSFOSI's salaries, the deposition of TODDI's global payroll manager indicates that staff who administer payroll for GSF are actually comprised of employees who

7

receive their W-2 forms from TODDI. Rec. Doc. 11 at 4; Ex. 3 at 20-22, 29-30. Nevertheless, the Court finds that Foster has not adduced sufficient evidence to show that TODDI and GSFOSI operate as a single business enterprise, wherein one exercises "total domination" over the other. Thus, the Court finds that Foster may not extend liability to either defendant under the single business enterprise theory.

Accordingly, IT IS ORDERED that the Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. The Court dismisses claims against GSFOSI based on the single business enterprise theory. The motion is denied in all other respects.

New Orleans, Louisiana, this 21st day of May, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE