UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK FOSTER                                        CIVIL ACTION NO. 13-65

VERSUS                                             SECTION "C"

GLOBALSANTAFE OFFSHORE                             HON. HELEN BERRIGAN
SERVICE & TRANSOCEAN OFFSHORE
DEEPWATER DRILLING INC.

## Order and Reasons

Before the Court is a Motion for Summary Judgment by defendants, GlobalSantaFe Offshore Services Inc. ("GSFOSI") and Transocean Offshore Deepwater Drilling, Inc. ("TODDI"). Rec. Doc. 46. Plaintiff, Mark Foster ("Foster"), opposes the motion. Rec. Doc. 48. Having considered the record, applicable law, and memoranda of counsel, the Court DENIES IN PART and DEFERS IN PART the motion for the reasons discussed herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court summarized the factual background of this action in its previous Order and Reasons of May 21, 2015. Rec. Doc. 47. In brief, on November 1, 2012 Foster was injured aboard the Discoverer Luanda, a vessel that was located off the coast of Angola. On January 11, 2013, Foster filed suit against GSFOSI and TODDI, claiming that they were negligent in failing

to provide a reasonably safe place to work and had provided an unseaworthy vessel. Rec. Doc. 1 at 3.

GSFOSI previously moved for summary judgment, arguing that Foster had not shown that GSFOSI was his employer, and thus could not sustain a claim against it under the Jones Act. Rec. Doc. 30-2. The Court granted in part and denied in part the motion. Specifically, the Court dismissed Foster's claims against GSFOSI that were based on the single business enterprise theory, which would have allowed Foster to maintain actions against GSFOSI or TODDI if he could show that just one of them was his Jones Act employer. The Court allowed Foster's claims of negligence and unseaworthiness to proceed. Rec. Doc. 47.

GSFOSI and TODDI now move for summary judgment. They argue that they cannot be held liable for unseaworthiness because neither were owners or operators of the Discoverer Luanda, and that Foster has not adduced any evidence that TODDI acted negligently. Rec. Doc. 46-3 at 1. They also re-urge that GSFOSI is not Foster's Jones Act Employer. *Id*.

## II. STANDARD OF REVIEW

Summary judgment is proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996).

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of '[discovery], together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the initial burden is met, the nonmoving party must "designate specific facts showing there is a genuine issue for trial" using evidence cognizable under Rule 56. *Id.* at 324. "[U]nsubstantiated assertions" and "conclusory allegations" will not defeat a properly supported motion for summary judgment. *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-73 (1990). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 249-50 (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

When reviewing a motion for summary judgment, a court must view the evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment does not allow a court to resolve credibility issues or weigh evidence. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### III. LAW AND ANALYSIS

*A. Unseaworthiness*

The defendants first argue that neither GSFOSI nor TODDI were owners or operators of the vessel aboard which Foster was injured, and therefore cannot be held liable on a claim for unseaworthiness. Rec. Doc. 46 at 1. Foster concedes that neither owned the Discoverer Luanda, but asserts that they maintained actual control and operation of the rig and therefore may be held accountable. Rec. Doc. 48 at 5. The appropriate defendant in a claim for unseaworthiness is the party that maintained actual control of the vessel. *Martin v. Walk, Haydel & Associates, Inc.*, 742

F.2d 246, 249 (5th Cir. 1984). The record reflects that the vessel was bareboat chartered to Angola Deepwater Drilling Company (Operations) Ltd., which Foster has not brought into this litigation. Rec. Doc. 46-3 at 3.

Foster has not presented any evidence that either GSFOSI or TODDI had control over the rig and its operations. Instead, he states that he has propounded additional discovery requests to defendants to determine the identity of the other employees aboard the rig, their job titles and descriptions. Rec. Doc. 48 at 5. This discovery was propounded on May 26, 2015 and gave defendants thirty days to respond. Rec. Doc. 48-10 On July 10, Foster moved to compel responses from defendants, who apparently had not answered the interrogatories. Rec. Doc. 60. However, the motion was dismissed as moot on July 17, 2015. Rec. Doc. 63. The Court infers from these events that defendants have responded to Foster's satisfaction. Thus, the Court grants plaintiff fourteen (14) days to submit supplemental briefing as to whether there are disputed facts about defendants' control over the Discoverer Luanda. The Court defers ruling on this issue pending plaintiff's supplemental briefing.

   B. *Negligence*

Defendants also contend that Foster's negligence claims under the Jones Act should be dismissed. Defendants argue that GSFOSI is not liable because it did not act as Foster's employer and that TODDI is not liable because there is no evidence that it acted negligently. Rec. Doc. 46 at 1.

As the Court previously ruled, GSFOSI has not shown that it was not Foster's Jones Act employer. Rec. Doc. 47. The defendants have not presented further evidence in support of its argument otherwise, and defendants' motion for reconsideration of the Court's prior Order and Reasons is currently stayed, pending an appeal to the Fifth Circuit in a separate action on a

4

similar issue. Rec. Doc. 64. Thus, the Court will not disturb its previous ruling on GSFOSI's status as a purported Jones Act employer at this time.

As for TODDI, defendants argue that Foster cannot show that TODDI had control over his employment. Rec. Doc. 46-3 at 4. Foster rebuts that if either TODDI or GSFOSI was his employer, then it had a "fundamental obligation under the Jones Act. . . to provide its employees with a safe place to work." Rec. Doc. 48 at 7. The Jones Act provides that employers have a duty to provide a reasonably safe place to work that is "absolute and nondelegable." *Daigle v. L & L Marine Trans. Co.*, 322 F.Supp.2d 717, 725 (E.D. La. 2004). Although this duty is "broad," it is not tantamount to strict liability. *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989). Rather, the employer "must have notice and the opportunity to correct an unsafe condition before liability attaches." *Id*. "The standard of care is not what the employer subjectively knew, but rather what it objectively knew or should have known." *Id*. (quoting *Turner v. Inland Tugs Co.*, 689 F. Supp. 612, 619 (E.D.La. 1988).

Here, the parties are essentially in agreement about the events leading to Foster's injury. Rec. Doc. 48-4; Rec. Doc. 46-13 at 16. After checking a faulty bilge sensor, Foster was summoned by a crewmate asking him to call the ship's bridge and request that it shut off a water valve to a pipe that had begun leaking. Rec. Doc. 46-13 at 16. After calling the bridge, Foster walked to the engine room, where crew members whom Foster believes were the chief engineer and mechanic were working. Rec. Doc. 48-12 at 4. The room was filled with several inches of water that had leaked from the faulty pipe. One of the other crew members in the room instructed Foster to turn a valve at the other end of the room. Foster walked through the water to the valve, and then turned back to exit the room. At that point, he slipped and fell on his back. *Id*. at 19-20.

Foster argues that the leaking pipe was caused by a seal that was "negligently allowed to corrode." Rec. Doc. 48 at 3.

In addition, a report of Gregg S. Perkin, an engineer engaged by plaintiff's attorney, states that a part of the valve had corroded, causing the leak. The report also claims that there was likely no non-skid flooring on the area where Foster had walked, and that the water leak may have caused oil which had accumulated in oil drip pans in the room to spread over the floor. Rec. Doc. 48-12 at 5-6. The report states that Foster acted responsibly and that "the fact that this valve could fail, leak and flood the Engine Room, as it had, should have been anticipated by Transocean's Management as part of a Process Hazard Analysis." *Id*. at 7. In addition, Eric Kolaitis, who worked as a first assistant engineer on the vessel, states that to his knowledge, there was no policy or procedure for regularly checking the drain plug to make sure that it was not corroding. Rec. Doc. 46-14 at 9. Kolaitis also states that he worked for Transocean and was in the room with Foster when Foster was injured. *Id*. at 3.

The Court finds that it lacks information to dismiss Foster's claim. The record shows no basis for the Court to conclude that Foster acted negligently. However, the Court is unable to discern whether TODDI or one of its employees played a role in creating the circumstances that led to Foster's injury. Although plaintiff will ultimately carry the burden of proving his claim, the Court notes that discovery in this case concludes on January 26, 2016, and that the deadline for pretrial motions is January 20, 2015. Rec. Doc. 59. Therefore, the Court finds that a ruling on whether to dismiss plaintiff's Jones Act negligence claim is premature. Defendants may re-urge the motion at a later date.

Accordingly, IT IS ORDERED that the motion is DENIED IN PART. IT IS FURTHER ORDERED that within fourteen (14) days, plaintiff shall submit supplemental briefing on the

issue of whether defendants exercised control over the Discoverer Luanda. Defendants shall have seven (7) days to respond to any supplemental briefing by plaintiffs.

New Orleans, Louisiana this 20th day of August 2015.

_____
UNITED STATES DISTRICT JUDGE